Appellate Case No: 06-14-000

FILED IN
The Court of Appeals
Sixth District

RECEIVED IN
The Court of Appeals
Sixth District
Trial Court Case No: 83560

JAN 07 2015

JAN 02 2015
R.9.2(b)
Texarkana, Texas
Debra Autrey, Clerk

## ORIGINAL

Texarkana, Texas
Debra Autrey, Clerk

$1608.00 in U.S. Currency

and

2008 Mazda

VIN 1YVHP80C385M37457

Robert Daugherty

Vs

The State of Texas

Court of Appeals

Sixth Appellate District

State of Texas

## Appellants Brief

To The Honorable Court:

Now Comes, Robert Daugherty, filing Pro-Se/Informa Pauperis and files this his Appellants Brief of The Sixth District Court of Lamar County, The State of Texas decision. On September 24, 2014 in Civil cause no. 83560 law-suite for forfeiture of $1608.00 in U.S. Currency and (1) one 2008 Mazda VIN 1YVHP80C385M37457 was heard and a decision by the Court was made in favor of the State of Texas. Respondent has filed an appeal of the lower Court decision in the Court of

PS 1

# Index

Appellate Case No: 06-14-00084CV
Trial Court Case No: 83560

| | page |
|---|---|
| Announcement | 1-2 |
| Basis of Appeal | 2 |
| Argument | 2,3,4 and 5 |
| Consideration of the Court | 5 |
| Sworn Declaration | 6 |
| Certificate of Service | 6 |

Appellate Case No: 06-14-00085CV
Trial Court Case No: 83560

| | page |
|---|---|
| Announcement | 1-2 |
| Basis of Appeal | 2 |
| Argument | 2,3,4,5 and 6 |
| Consideration of the Court | 6 |
| Sworn Declaration | 6 |
| Certificate of Service | 7 |

## Attachment

| | page |
|---|---|
| Transcript 83560 and 83660 | 1-34 |

Appeal, The Sixth Appellate District of Texas and, files this his _Appellants_ Brief in support:

## Basis for Appeal

I Motion For Continuance was denied by the Court

II Request For The Court to Appoint Counsel was denied by Court.

## Argument

I Motion for Continuance in the above Civil cause no. 83560 until the final disposition of Respondents related Criminal Case no. 25886 also in the Sixth District of Lamar County, Texas be reached Prior to the hearing but on record Respondent requested a continuance. The Court denied Respondents Motion sighting " the law does not require a final criminal disposition before we can proceed with the civil cases" see: transcript pg 4 line 23-24 pg 5 line 1-25 and pg 6 line 1-9.

## Argument

In a civil case where the criminal case is related to that civil case and as

in this case, in fact, is the sole basis for the civil case the Respondent does have a right to a Continuance until the disposition of the related criminal case and should have been granted the requested continuance. If not for the related criminal case the civil seizure law-suite would not have existed. If the civil and criminal cases were not related as they are in this case, the Respondent would have had no right for requested continance. This is supported by the District Attorney, Gary Young in his statement see: transcript pg 5 line 24-25. He is quoted as saying "I don't think he has a right to do that" (request continance). He did not quote law or even state emphatically I had no right, only "I think"

II Request by Respondent for the court to appoint an attorney was denied by the Court sighting "youre not entitled to a Court appointed counsel in these civil action" see: transcript pg 7 line 5-10.

Argument

A. In a civil matter that stands alone Respondent would not be entitled to a Court appointed

attorney. In this civil cause that is soley based on Criminal charges brought against him and is to be considered a related case Respondent is entitled to a Court appointed attorney. In fact, if not for said Criminal case against Respondent the civil law-suite would not have existed.

B. Respondent representing himself Pro Se but was limited by the Court from doing so, for fear of cross-examination and incriminating himself in his criminal case see: transcript pg9 line 10-25.

Mr. Young "Judge, also he obviously has the right to ask questions but he also could subject himself to cross-examination depending on what some of the questions are.

The Court "just keep in mind that if you begin to participate in this hearing by asking questions, calling witnesses yourself, testifying if you get that far, that you may be waiving your right to remain silent

In all fairness for justice the Respondent

should have been appointed counsel to avoid subjecting himself to cross-examination and incrimination in his related criminal cases.

Wherefore, Premises Considered the Respondent/Appellant prays that the Court of Appeals set aside judgement entered in this cause from the Sixth District Court of Lamar County and orders a new trial on the merits listed. Further, that the Appellate Court order an attorney be assigned to Respondent/Appellant and also order that this matter be continued until the disposition of related criminal cases that are the basis for the forfeiture action.

## Consideration of the Court

The Respondent is filing Pro Se and ask that the Court take into consideration his lack of knowledge in the legal system and his inability to use the law library at his place of incarceration. Lamar County Jail.

## Sworn Declaration

I, Robert Daugherty, filing Pro Se, do swear on December 18 of 2014 that the above Appellants Brief is true and correct under penalty of purjury.

## Certificate of Service

I hereby certify that a copy of the above has been delivered on the 18 day of December 2014 to Gary Young, Lamar County Count Attorney, by standard U.S. mail to 119 North Main, Paris, Texas 75460.

Respectfully submitted,

Robert Daugherty

Robert Daugherty SO 1238
Lamar County Jail
125 Brown Ave.
Paris, Texas 75460

ROBERT LEE WALDRUM
Notary Public
STATE OF TEXAS
My Comm. Exp. April 30, 2016

12-18-14